IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK12-41855-TLS |
| | ) | |
| WILLIAM H. WHITE, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on January 16, 2013, on the Chapter 7 trustee's objection to exemptions (Fil. #12) and motion for turnover (Fil. #13). Dylan L. Handley appeared for Debtor, and Benjamin E. Moore appeared on behalf of the Chapter 7 trustee. Evidence was received, and the matter was taken under advisement.

### Background

The background facts are not in dispute. The parties filed a joint stipulation of facts (Fil. #23) on January 7, 2013. Prior to 2010, Debtor and his wife owned and resided in a residence located at 206 Nemaha Street, Humboldt, Nebraska. Debtor's wife passed away in 2010, and Debtor continued to live in the residence until it was destroyed by fire in January 2012. Debtor received payments in settlement of insurance claims resulting from the fire.

At the hearing, the parties agreed that the sum of $6,254.77 remaining in Debtor's bank account on the date of bankruptcy filing constituted traceable insurance proceeds from the fire loss at the residence. Debtor filed his Chapter 7 bankruptcy case on August 23, 2012. In his schedules, he lists ownership of the lot upon which his residence was located prior to the fire loss. He asserts that the demolition and cleanup costs likely exceed the value of the real estate. He also lists the remaining insurance proceeds as $6,254.77 as exempt pursuant to his homestead exemption. On the date of bankruptcy filing, Debtor was a widower, not married, did not qualify as a "head of family" within the meaning of Neb. Rev. Stat. § 40-115, and was less than 65 years old.  The trustee objected to his homestead exemption claim in the insurance proceeds and requested turnover of the funds.

### Discussion

At the hearing, the attorneys expended considerable effort arguing whether the proceeds from a fire loss should be treated the same as sale proceeds which retain their homestead status for a period of six months following a sale. Neb. Rev. Stat. § 40-116. Clearly, they are not the same. The statute applies "[i]f the homestead be conveyed by the claimant, or sold for the satisfaction of any lien mentioned[.]" Those things did not happen here. In fact, Debtor still owns the homestead property.

According to the Nebraska Supreme Court, "[t]his court has often said that the homestead law should be liberally construed in favor of those for whose benefit it was enacted." *Horn v. Gates*, 53 N.W.2d 84, 86 (Neb. 1952) (citations omitted). Further, married persons are entitled to homestead protection and do not lose that protection simply due to the death of one of them. *Palmer v. Sawyer*,

103 N.W. 1088, 1091 (Neb. 1905) (holding that "we can hardly escape the conclusion that, when a homestead is once acquired, the right to the continuous enjoyment of it can only be defeated by the voluntary act of the claimant."). *See also* Neb. Rev. Stat. § 40-115(6) (stating that "head of a family" includes a surviving spouse residing in property that would be exempt as a homestead if the deceased spouse were alive). Finally, the statute's use of the term "homestead" should be given its commonly accepted meaning – the house and land where the family dwells. *Horn* , 53 N.W.2d. at 87 (quoting *Meisner v. Hill*, 138 N.W. 583 (Neb. 1912)).

There is no dispute that Debtor acquired his homestead as a married person. Unfortunately, all that is left of the homestead is the land with a burned-out structure and $6,254.77. It is also undisputed that the funds are directly traceable to the insurance proceeds for the home.[1] The trustee appears to be asserting an abandonment theory by arguing that Debtor has spent nearly all of the insurance proceeds on things other than repairing the homestead or acquiring a new homestead. I find that argument unpersuasive. Specifically, there is no evidence in the record as to how the insurance proceeds were ultimately used by Debtor, with the exception of the funds at issue. These funds were part of an earnest money deposit Debtor had made on a new parcel of real estate, which transaction fell through. I will not speculate on whether the real estate transaction would have constituted an abandonment of Debtor's homestead rights since the transaction did not occur. The important issue for this case is that the funds at issue are directly traceable to the insurance proceeds from the fire loss at the homestead property.

If the fire loss had not occurred, Debtor would have entered into this bankruptcy case with a valid homestead exemption in the property. Due to the fire loss, Debtor is left with the real estate, the burned-out shell of the residence, and $6,254.77 representing the remaining fire loss proceeds. I see no reason to deny Debtor his homestead exemption claim in those funds.

IT IS, THEREFORE, ORDERED that the objection to exemptions (Fil. #12) and the motion for turnover (Fil. #13) are denied.

DATED:  January 18, 2013.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Dylan L. Handley
    *Benjamin E. Moore/Rick D. Lange
    United States Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[1]Interestingly, the parties did not address whether any of the insurance proceeds were attributable to contents of the home instead of the home itself and, therefore, the court will assume for purposes of this Order that the proceeds are from the home itself.