IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK12-41855-TLS |
| | ) | |
| WILLIAM H. WHITE, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

   Hearing was held in Lincoln, Nebraska, on March 20, 2013, on the second objection to exemptions filed by the Chapter 7 trustee (Fil. #35) and a resistance filed by Debtor (Fil. #38). Dylan Handley appeared for Debtor and Benjamin E. Moore appeared for Rick Lange, the Chapter 7 trustee. Evidence was received and the matter was taken under advisement. Counsel for the parties submitted post-hearing briefs, and the matter is now ready for decision. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

   The background facts are not in dispute. The parties filed a joint stipulation of facts on January 7, 2013 (Fil. #23) and again on March 15, 2013 (Fil. #42). Prior to 2010, Debtor and his wife lived at 206 Nemaha Street, Humboldt, Nebraska, as their homestead. Debtor's wife passed away in 2010.[1] Debtor continued to live in the residence until it was destroyed by fire in January 2012. Debtor received payments in settlement of insurance claims resulting from the fire.

   The first time this matter was presented to the court, Debtor claimed a homestead exemption in the real property in Humboldt, Nebraska (which apparently consisted of the burned shell of the home and the real estate), and traceable insurance proceeds of $6,254.77. On the date of bankruptcy filing, Debtor was a widower, not remarried, and did not qualify as a head of family within the meaning of Neb. Rev. Stat. § 40-115, and was less than 65 years of age.

   The trustee first objected to the homestead exemption claim in the traceable insurance proceeds. On January 18, 2013 (Fil. #28), this court held that due to the fire loss, Debtor was entitled to claim a homestead exemption in the remaining real estate and the traceable fire loss proceeds that remained in Debtor's bank account.

   Subsequent to this court's prior Order, Debtor filed amended schedules, including an amended Schedule C, pursuant to which Debtor claimed a homestead exemption in his former residence in Humboldt, Nebraska, the cash on deposit representing the remainder of the insurance proceeds, and a prepaid lease on premises located in Pleasantville, Iowa, which Debtor described as a hunting lease purchased with insurance proceeds. Debtor's argument at the hearing was that the hunting lease constituted traceable proceeds of the insurance loss.

---

  [1]The first stipulation of facts states that Debtor's wife passed away. The second stipulation of facts states that the parties were divorced in 2010.

On March 22, 2013, Debtor's counsel filed a copy of the lease (Fil. #47). The lease is entitled "Hunting/Camping Land Lease." The lease is for a term beginning July 15, 2012, with a termination date of June 14, 2015. The lease states that the land is leased to Debtor, as tenant, "for hunting purposes." The lease further provides that "Tenant may have access to any of the property as needed for hunting/camping purposes." Nothing is stated in the lease with respect to using the land for residential or homestead purposes. The joint stipulation of facts indicates that Debtor occasionally resides in a mobile home on the leased land, but provides no other details regarding Debtor's living arrangements.

This bankruptcy case was filed on August 23, 2012. At that time, Debtor stated that his address was 534 5th Street, Humboldt, Nebraska. As of this date, Debtor has not changed his address for bankruptcy purposes. Debtor presented absolutely no other evidence as to where he lives, although Debtor's counsel argued at the hearing that Debtor has been spending more and more time at the Iowa property. In any event, Debtor's counsel asserted that he is not trying to claim the Iowa property as an exempt homestead pursuant to Debtor's living arrangements. Instead, he is asserting that the Iowa property represents traceable proceeds of Debtor's Nebraska homestead that was destroyed by fire to the same extent that this court previously ruled that the cash in Debtor's bank account was exempt as traceable proceeds of Debtor's homestead.[2]

Debtor is incorrectly trying to equate traceable cash proceeds of a homestead with tangible property purchased with homestead proceeds. The two are not the same. As soon as Debtor used the fire loss proceeds for a non-homestead purpose (i.e., purchasing a hunting and camping lease), those proceeds lost their exempt status. *See In re Burchard*, 214 B.R. 494, 496 (Bankr. D. Neb. 1997) (holding that exempt status would not be extended to a motorcycle and pickup that were purchased with the exempt proceeds of a personal injury award). As long as the fire loss proceeds remained as cash, Debtor could have used those proceeds to rebuild his home in Humboldt, Nebraska, and retain his homestead rights in that real property. He chose not to do so and, therefore, voluntarily relinquished any right to claim the property he purchased with those funds as exempt.

It is also important to note that Debtor's only claim to a homestead exemption is by virtue of having remained in the home in which he lived while he was a married person. Nebraska state law is clear that married persons are entitled to homestead protection and do not lose that protection simply due to the death of one of them. *Palmer v. Sawyer*, 103 N.W. 1088, 1091 (Neb. 1905) (holding that "we can hardly escape the conclusion that, when a homestead is once acquired, the right to the continuous enjoyment of it can only be defeated by the voluntary act of the claimant"). *See also* Neb. Rev. Stat. § 40-115(6) (stating that "head of family" includes a surviving spouse residing in property that would be exempt as a homestead if the deceased spouse were alive). Thus, as soon as Debtor invested the homestead proceeds into non-exempt property, he lost any claim of a homestead exemption in that new property.

---

[2]Thus, since this is an issue regarding proceeds of a homestead exemption, the court need not address the trustee's arguments that the Debtor can hold only one property as a homestead and that the Debtor cannot claim a Nebraska homestead exemption in Iowa real estate.

In his post-hearing brief, Debtor argues that *Meyer v. Platt*, 291 N.W. 86 (Neb. 1940), stands for the proposition that any (and perhaps all) property received in exchange for homestead property is exempt. I disagree. The facts of *Meyer* are complicated, but essentially involved the exchange of one homestead for another, with some shenanigans regarding the transfer of title. It does not stand for the proposition that a person can exempt otherwise non-exempt assets purchased with homestead proceeds. As soon as Debtor purchased non-homestead assets with the homestead proceeds, he relinquished any homestead exemption in the funds he used.

IT IS, THEREFORE, ORDERED that the trustee's second objection to exemption (Fil. #35) is sustained and Debtor is not entitled to a homestead exemption in the Iowa hunting/camping lease.

DATED: April 15, 2013.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
   Dylan Handley
   *Benjamin E. Moore
   United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.